# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

No. 13-11405
Summary Calendar

GUY DUKE TERRY, also known as Guy D. Terry, also known as Guy Terry,

Plaintiff-Appellant

v.

KIMBERLY A. BLACKERBY, Laundry Manager III; L. CHAVEZ, Nurse Practitioner,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-234

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Guy Duke Terry, Texas prisoner # 1022551, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. He contended that Kimberly Blackerby, who at the time was a correctional officer working in the infirmary, gave a false statement that Terry purposefully refused to take his pain medication. Terry argued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11405

that, based upon Blackerby's statement, L. Chavez, without conducting a proper investigation, discontinued Terry's medication, thus causing him severe pain, insomnia, and hunger.  The district court dismissed Terry's complaint for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2), and, therefore, our review is de novo using the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6).  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Terry's allegations are insufficient to state a claim that the defendants were deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  He has not set forth any facts that support that Blackerby gave her statement for an improper motive related to the denial of his medical care or that she knew of and disregarded an excessive risk to his health.  *See id.*  Likewise, Terry has not alleged any facts that show that, by relying upon Blackerby's statement, Chavez knew and disregarded the risk that discontinuing his medication could cause serious harm to his health or safety.  *See id.*  At most, his complaint alleges claims of mistake or negligence, which are not actionable under § 1983.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Thus, the district court did not err in dismissing Terry's complaint for failure to state a claim upon which relief could be granted.

The district court's dismissal of Terry's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Terry is warned that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 13-11405

Terry has filed a motion for appointment of counsel. Because he has not shown exceptional circumstances, his motion for the appointment of counsel is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.